902 F.2d 1009
 284 U.S.App.D.C. 183
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
OMNI SPECIALTIES-WASHINGTON, INC., (f.k.a. Kirten/James
Washington, Inc.) Appellant,
v.
ESPRIT DE CORP.
 No. 89-7113.
 United States Court of Appeals, District of Columbia Circuit.
 May 25, 1990.
 
 Before RUTH BADER GINSBURG, D.H. GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal from a final decision of the United States District Court for the District of Columbia was considered on the record made in the district court and on the appellate briefs filed by counsel. See D.C.Cir.Rule 13(i). The court is satisfied, after due review of the issues presented, that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the decision of the district court, made January 19, 1989, and reaffirmed on March 28, 1989, be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Omni Specialties-Washington, Inc. (Omni) (previously known as Kirten/James Washington, Inc.) brought suit in district court against Esprit de Corp. (Esprit) for breach of contract and fraudulent misrepresentation. The district court granted summary judgment for Esprit. Because Omni failed to indicate the existence of evidence necessary to establish elements essential to its claims, the grant of summary judgment was appropriate; accordingly, we affirm the district court's disposition.
 
 Background
 
 5
 Omni, a construction company, contracted with Esprit on December 2, 1986, to make various improvements to Esprit's retail clothing store. The cost-plus contract, executed on a standard form, allowed for increases in the maximum contract cost to cover owner-initiated changes. See Contract, p 7.1, Supplemental Appendix (S.A.) at 4. The General Conditions of the contract stated that "[t]he Contract Sum and the Contract Time may be changed only by Change Order," defined as "a written order to the Contractor signed by the Owner and the Architect ... authorizing a change in the Work or an adjustment in the Contract Sum or the Contract Time." General Conditions, p 12.1.1, Joint Appendix (J.A.) at 71.
 
 
 6
 The General Conditions also prescribed a mechanism for the contractor to submit claims for additional costs, as follows:
 
 
 7
 If the Contractor wishes to make a claim for an increase in the Contract Sum, he shall give the Architect written notice thereof within twenty days after the occurrence of the event giving rise to such claim. This notice shall be given by the Contractor before proceeding to execute the Work, except in an emergency.... No such claim shall be valid unless so made.
 
 
 8
 Id., p 12.3.1, J.A. at 72. Article 1 of the General Conditions provided that the contract could be modified only by means of written amendments signed by both parties, through written orders or interpretations issued by the architect, or via change order. See id., paragraphs 1.1.1 & 1.1.2, J.A. at 69. A series of written change orders, increasing the contract maximum by over $200,000, were executed during the contract term and before substantial completion of the project on August 18, 1987. See J.A. at 73-99.
 
 
 9
 In October and November of 1987, Omni submitted four additional change orders to Esprit requesting payment for over $300,000 in extra costs that Omni claimed it had incurred in the course of the project, as well as a retroactive time extension in the contract term and a bonus for early completion. See J.A. at 100-03. When Esprit refused payment, Omni commenced suit in district court on April 21, 1988, for breach of contract and fraudulent misrepresentation.
 
 
 10
 Omni alleged that Esprit had breached an implied warranty that its plans and specifications would be accurate enough to allow work to proceed on schedule without time-consuming alterations, and had knowingly made a false assurance to Omni that any modifications to the project would be unsubstantial. The district court rejected Omni's claims, and found, specifically, that Omni had failed to comply with the contract's 20-day notice requirement for cost increase requests. Accordingly, the district court granted summary judgment for Esprit, Omni Specialties-Washington, Inc. v. Esprit de Corp., C.A. No. 88-1103 (D.D.C. Jan. 19, 1989) (memorandum granting summary judgment), J.A. at 114 (Initial Decision); the court later reaffirmed its ruling after reconsideration. Omni Specialties-Washington, Inc. v. Esprit de Corp., C.A. No. 89-1103 (D.D.C. Mar. 28, 1989) (memorandum denying motion for reconsideration), J.A. at 125 (Decision on Reconsideration).
 
 Discussion
 
 11
 Omni first argues that the district court erred in concluding that Omni's failure to comply with the 20-day notice requirement when requesting cost increases automatically defeated Omni's right to recover under the contract. Omni maintains that by consistently failing to adhere to or enforce the 20-day rule during the course of the contract, the parties effectively deleted the rule from the contract terms.
 
 
 12
 Under District of Columbia law, even a contract that admits solely of written modification may be amended orally or by conduct. See, e.g., Clark v. Clark, 535 A.2d 872, 876 (D.C.1987). However, the burden was on Omni, as the party opposing summary judgment, to identify evidence that such modification had in fact occurred in this case. The record, containing as it did numerous written change orders requesting and authorizing cost increases, suggested that the parties had observed, not modified, the contract terms. See Decision on Reconsideration at 3, J.A. at 127 (remarking that "plaintiff's submission of Change Orders on 28 occasions prior to the Change Orders in dispute evidences plaintiff's awareness of its obligations under the Contract should it seek to increase the Contract Sum").
 
 
 13
 Omni asserts on appeal that in none of the prior change orders in the record did it comply with the 20-day notice provision. This noncompliance, Omni maintains, together with Esprit's acceptance of Omni's delinquency, constituted the requisite modification by conduct. However, Omni indicated no evidence before the district court to support its contention. The most plausible evidence alluded to on appeal consisted of an interrogatory response in which an Omni representative stated:
 
 
 14
 Changes were made to the contract on a daily basis pursuant to orders by the designer in the field.... These field changes required the contractor to implement the work immediately. No advance notice was provided the contractor nor were the usual and customary provisions complied with nor was there any opportunity for the contractor to prepare a proposal which would be submitted for approval in advance of the work.
 
 
 15
 Response to Defendant's Interrogatory No. 6, J.A. at 109. The interrogatory in question, however, sought identification of instances when Esprit had failed to provide advance notice to Omni, not vice versa. See id. The cited statement, though it does suggest that Omni sometimes began work without giving notice of increased costs, contrary to the letter of the contract conditions, nowhere indicates that Omni failed to request cost adjustments within the requisite 20-day notice period.
 
 Summary judgment is appropriate
 
 16
 against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
 
 
 17
 Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Given the lack of evidence that Esprit permitted Omni to ignore the 20-day deadline when seeking the cost increases reflected in the many other change orders on record, the court could properly conclude that the contract's notice requirement was not modified by the conduct of the parties. Because no question existed as to Omni's noncompliance with the 20-day rule, summary judgment was warranted.
 
 
 18
 Omni next contends that the district court erred in failing to recognize that, even if the 20-day provision remained in force, that provision could have been rendered inapplicable on specific occasions by waiver, actual or constructive notice, or the absence of prejudice to Esprit. Again, however, the burden was on Omni to point to evidence of circumstances justifying an exception to the 20-day prescription in the cases of the specific changes for which Omni now seeks reimbursement; instead, Omni relied only on general allegations that Esprit routinely authorized Omni's noncompliance with the 20-day provision. See Decision on Reconsideration at 4, J.A. at 128 (noting that Omni "[did] not refer to any specific documents in making [the actual notice] argument"). Absent any evidence of exceptional circumstances rendering inapplicable the express contract terms, the district court properly looked to those terms in ruling against Omni.*
 
 
 19
 Finally, Omni takes issue with the district court's denial of its breach of warranty claim. The district court's treatment of that issue was as follows:
 
 
 20
 [P]laintiff [argues] that the plans and specifications furnished to the contractor by the defendant carried with them an implied warranty that they were so technically sound that Change Orders of the dimension experienced would not be required.
 
 
 21
 * * *
 
 
 22
 * * *
 
 
 23
 .... Honoring [plaintiff's] theory would require the court to read [the change order provision and the cost adjustment provision] out of the contract. Plaintiff has furnished no authority or justification for such a reconstruction of this contract.
 
 
 24
 Initial Decision at 3-6, J.A. at 116-119.
 
 
 25
 Omni argues that the district court erred in failing to treat as discrete claims its breach of warranty plea and its plea for reimbursement for costs occasioned by owner-ordered changes. The existence of a contractual mechanism for collecting additional costs, Omni maintains, should not defeat an independent claim for breach of contract, and associated damages, arising out of faulty specifications. See District of Columbia v. Savoy Constr. Co., 515 A.2d 698, 703 (D.C.1986) (allowing breach of contract action for "recovery ... of consequential damages for delay incident to ... changes" occasioned by deficient government specifications despite existence of contractual changes clause, because "[t]he issuance of change orders and the making of equitable adjustments cannot cure what is otherwise a breach of contract").
 
 
 26
 Omni's contentions are unavailing. We note first that Omni has consistently framed this case as a suit to recover excess costs allegedly arising from owner-ordered changes, not an action to obtain damages for delay occasioned by faulty specifications. Even Omni's claim for an early completion bonus fits the common pattern. Omni asserts that it would have earned the bonus but for the time-consuming alterations necessitated by Esprit's inadequate plans. The documentation for that claim, however, is a change order. See J.A. at 103. Most critically, even if Omni properly could have stated, and did state, a claim for delay damages resulting from deficient specifications, it pointed to no evidence to support that claim except conclusory allegations of a kind insufficient to ward off summary judgment.
 
 Conclusion
 
 27
 Omni failed to indicate in response to the summary judgment motion evidence essential to substantiate critical elements of its claims. Accordingly, summary judgment was warranted.
 
 
 
 *
 Omni also challenges the district court's conclusion that Omni failed to make out the elements of a fraudulent misrepresentation claim under D.C. law. However, the district court correctly stated that "promises to perform in the future cannot be 'false representations' within the meaning of the law of fraud in the District of Columbia." Decision on Reconsideration at 4, J.A. at 128; see Giotis v. Lampkin, 145 A.2d 779, 781 (D.C.1958) (holding that breach of an oral promise not to compete could not serve as basis for fraud action). The district court was also justified in concluding that statements by Esprit representatives that any changes in the plans and specifications would be unsubstantial constituted such an unenforceable promise